NOT DESIGNATED FOR PUBLICATION

No. 122,309

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON BIRTHA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed August 28, 2020. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before GREEN, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Defendant Aaron Birtha appeals the decision of the Sedgwick County District Court to revoke his probation and to require that he serve his prison sentence for an aggravated battery conviction. On appeal, Birtha filed a motion for summary disposition ostensibly indicating the district court abused its discretion. See Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We have granted the motion, and upon review of the record, we find no abuse of discretion and, therefore, affirm the district court.

In May 2018, the State charged Birtha with one count of rape and later amended the charge to aggravated battery, a severity level 7 person felony. Birtha pleaded guilty to

1

the amended charge, and the district court later sentenced him to 16 months in prison with 12 months' postrelease supervision and placed him on probation for 24 months, reflecting a standard guidelines sentence consistent with Birtha's scorable criminal history and the joint sentencing recommendation of the parties.

At a probation revocation hearing in December 2019, Birtha admitted to five violations:  The commission of battery and criminal damage to property both on November 10, 2019 (two violations); having contacted the victim in this case on November 10 and November 24 (two violations); and "taking property without permission" on November 12. Based on those admissions, the State declined to pursue other probation violations that had been charged.

Through his lawyer, Birtha asked that he be continued on probation or that his sentence be shortened because he continued to wrestle with mental health and substance abuse issues that would be better addressed in a community setting than in prison. He also noted that Birtha had a longtime personal relationship with the victim, but the relationship had recently ended, likely improving the prospects Birtha would comply with various probation conditions going forward. Birtha also spoke and asked for an opportunity to do better with probation.

The district court denied the request for continued probation or a reduction in the 16-month sentence and ordered Birtha to serve the sentence. The district court first noted that Birtha's contact with the victim had come up before. The district court declined to find a probation violation in October for improper contact but warned Birtha that any violation of that condition would not be tolerated. Birtha, nonetheless, violated that condition, as he had admitted. The district court also cited Birtha's ongoing criminal behavior, as evidenced by his admission to committing new crimes.

Birtha has appealed and argues the district court's decision amounts to an abuse of judicial discretion.

Probation is an act of judicial leniency afforded a defendant as a privilege rather than a right. See *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation usually involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of the proved violations. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008).

A defendant's admission of charged violations satisfies the first step. Here, Birtha so stipulated, obviating the State's duty to prove the violations by a preponderance of the evidence. See *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006); *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007), *rev. denied* 286 Kan. 1183 (2008). After a violation has been established, the decision to reinstate probation or to revoke and incarcerate the probationer rests within the sound discretion of the district court. See *Skolaut*, 286 Kan. at 227-28. Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or rests on a substantive error of law or a material mistake of fact. *State v. Cameron*, 300 Kan. 384, 391, 329 P.3d 1158, *cert. denied* 135 S. Ct. 728 (2014). Birtha carries the burden of showing that the district court abused its discretion. See *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court specifically found that Birtha had committed new crimes, thereby providing a sufficient legal basis to revoke probation without imposing an intermediate sanction. See K.S.A. 2019 Supp. 22-3716(c)(7)(C). The record demonstrates the district court understood the factual circumstances of the case and the violations. Birtha, then, is left to argue the decision to revoke his probation is so off the mark, no reasonable district court would have done so. We reject that argument.

Birtha's violations demonstrate a continuing inability to conform to the conditions of probation. Despite a clear admonition from the district court, Birtha repeatedly contacted the victim. He also could not remain law abiding, committing multiple new offenses. Given those circumstances, the district court acted within the broad range of reason that marks judicial discretion in ordering Birtha to serve the original 16-month sentence.

Affirmed.